UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>GRANT & WEBER, GRANT & WEBER WASHINGTON, INC., SPENCER WEINERMAN, DAVID WEINERMAN, JIMI BINGHAM, RON GROSSBLATT and Does 1 through 100, inclusive.<br><br>            Defendants. | **CASE NO. 2:16-CV-00610 MWF (AJW)**<br><br>Matter Assigned to Honorable Judge Michael W. Fitzgerald<br><br>**[PROPOSED]** **PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Upon joint stipulation of Plaintiff Scottsdale Insurance Company ("Plaintiff") and Defendants David Weinerman, Spencer Weinerman, Jimi Bingham, Ron Grossblatt, Grant & Weber, and Grant & Weber Washington, Inc. ("Defendants"), by and through their respective counsel of record, and **FOR GOOD CAUSE SHOWN, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. INTRODUCTION

A. Purposes and Limitations

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public or other disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. Good Cause Statement

This Action is likely to involve personal private information, trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure; and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, personal private information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating the privacy rights of Non-Parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties and Non-Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their

handling at the end of the Action, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

C. <u>Acknowledgment of Procedure for Filing Under Seal</u>

In the event a Party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the court in this Litigation, the confidential portion of such pleading or document and Confidential Material shall be filed under seal utilizing the procedures set forth in Local Rule 79-5, until such time as the court orders otherwise or denies permission to file under seal. The sealed material, information, or papers shall plainly state on the first page of any bound or stapled document "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The restrictions, if any that will govern the use of Confidential Material at trial or hearings will be determined at a later date by the court, in consultation with the parties.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.     **DEFINITIONS**

2.1.    <u>Action</u>:  This pending federal law suit *Scottsdale Insurance Company v. Grant & Weber, et al.,* United States District Court, Central District of California,

Case No. 2:16-CV-00610-MWF-AJW.

2.2. <u>Challenging Party:</u> a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. <u>Counsel:</u> Outside Counsel of Record and House Counsel (as well as their support staff).

2.5. <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8. <u>House Counsel:</u> attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9. <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. <u>Outside Counsel of Record:</u> attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law

firm which has appeared on behalf of that Party, and includes support staff. Anne Singer, formerly attorney of record for Spencer Weinerman, shall be entitled to access Confidential information under this provision.

2.11. <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). David Weinerman's current wife Jill Weinerman shall also have access to Confidential Information under this provision.

2.12. <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15. <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations

imposed by this Order shall remain in full force and effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after this action is terminated.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order <u>used or introduced as an exhibit at trial or attached to a dispositive or non-dispositive motion</u>, not filed under seal, may possibly become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge or magistrate judge. See *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180-81 (9th Cir.) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

No party may designate as Confidential any document that has been admitted as an exhibit in any prior state or federal trial or otherwise made public.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

84064856v1

7

which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in

part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter.

Disclosure by the Receiving Party of inadvertently or unintentionally disclosed Protected Material prior to receipt of such notice shall not be deemed a violation of this Stipulation for a Protective Order. However, those persons to whom disclosure was made are to be advised by the Receiving Party that the information is Confidential and must be treated in accordance with this Stipulation for a Protective Order, and the Receiving Party must (1) make a good faith effort to retrieve and return all copies of such inadvertently disclosed information which have been disseminated to unauthorized persons, including any notes, summaries, compilations or other documents concerning same, and (2) immediately mark, in accordance with the designations made by the Producing Party, all copies of such inadvertently disclosed Confidential Material which are in the possession of authorized persons.

6.           CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*

    6.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties or Non-Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties bound by this Order shall continue to

afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Any motion challenging a designation of confidentiality must comply with Local Rule 37-2, including the Joint Stipulation requirement.

Nothing in this Stipulation for a Protective Order constitutes a finding or admission that any of the information disclosed or contained in the designated items is or is not confidential, and nothing herein shall prevent any Party from contending, during the progress of this Litigation, that any or all of such information is not confidential. Any Party may request from the Producing Party a change in the designation of any item or information and/or permission to disclose such item or information to persons in addition to those specified herein. Such request shall be in writing, state the grounds, and be served on all counsel including counsel for the Producing Party. The requested change shall occur or the requested permission shall be granted, unless an objection for good cause is served on the Requesting Party within ten (10) business days after service of such request. In the event such objection is timely served, neither the requested change shall occur nor shall the requested permission be granted, until the objection is resolved by written agreement of the parties or Order of this Court. No Party to this Litigation shall be obligated to challenge the propriety of any designation, and a failure to do so shall not act as a waiver of its right to make a subsequent attack on the propriety of such designation, nor shall such failure to challenge constitute an admission that any information is, in fact, confidential. Any designation of information as Confidential Material shall govern hereunder unless and until such designation is modified by the Designating Party, the Court, or agreement of the Parties.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1    Basic Principles. A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, including any appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  All Protected Material shall be maintained and used by the Parties and any individuals listed under the categories of persons only in the strictest of confidence and not disclosed to any other person without the prior, written consent of the Designating Part or upon order by the Court

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and jury and the Court's personnel;

(e) court reporters and their staff and any videographer's retained to record testimony taken in this action;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential information.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) bring all pertinent facts relating to such disclosure to the attention of the Designating Party, (c) without prejudice to the rights and remedies of the Designating Party, use its best efforts to retrieve all unauthorized copies of the Protected Material, (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court.

If a Producing Party inadvertently produces documents or other tangible items that it considers privileged or attorney work-product, in whole or in part, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other ground for withholding such production to which the Producing Party would otherwise be entitled. Any inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

12. **MISCELLANEOUS**

12.1 **Right to Further Relief**. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections**. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered

by this Stipulated Protective Order. Nothing contained in this Stipulated Protective Order requires a party to produce any document or information which is privileged, irrelevant, or not otherwise discoverable, and nothing in this Stipulated Protective Order shall be construed as an admission of the relevance or admissibility of any of the Discovery Material covered by this Stipulated Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.    To the extent that good cause must be shown in any request to file under seal, the party designating the document information as Confidential shall provide evidence to the Court of that good cause. . If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   The designation of any material in accordance with this Stipulated Protective Order as Protected Material is intended solely to facilitate the preparation and trial of this Litigation and any related appeals, and treatment of such material by the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or Protected Material.

12.5   Nothing in this Stipulated Protective Order shall be deemed a waiver of any right that any party might otherwise have under the Federal Rules of Civil Procedure or the Federal Rules of Evidence or the doctrines of attorney-client privilege or attorney work-product. This Stipulated Protective Order shall be without prejudice to any party to oppose production of any information or items on any ground permitted by the Federal Rules.

12.6   Nothing in this Stipulated Protective Order shall be construed to

relieve any Party from the obligation to timely respond to discovery requests, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work-product, and consultant and Expert work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

14. VIOLATION

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3

4  DATED:     December 16, 2016

5

6

7  _____
   Honorable Andrew J. Wistrich
8  United States Magistrate Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Scottsdale Insurance Company v. Grant and Weber et al, Case No. 2:16-cv-00610 MWF –AJW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____